THE STATE OF NEW JERSEY, PLAINTIFF, v. GEORGE H. BIEHL AND RICHARD C. ANZER, DEFENDANTS.

Argued January 15, 1946—Decided October 1, 1946.

Before Justices DONGES, HEHER and COLIE.

For the motion, *Alexander Simpson.*

For the state, *Walter D. Van Riper,* Attorney-General, and *John Grimshaw,* Deputy Attorney-General.

The opinion of the court was delivered by

COLIE, J.   George H. Biehl and Richard C. Anzer were indicted by the April term, 1945, grand jury of Hudson County for an alleged conspiracy to perpetrate a fraud and to obtain money under false pretenses.   The indictments were returned into court on June 12th, 1945.   On June 22d the individual defendants entered a plea of not guilty which the court subsequently permitted them to withdraw in order to permit the making of application to the Supreme Court for a writ of *certiorari.*   On October 22d, 1945, the then Chief Justice signed a rule to show cause, returnable November 26th before the Supreme Court why a writ of *certiorari* should not issue to remove the indictments into that court so that a motion to quash might be made.   The rule to show cause provided for the taking of depositions upon two days' notice. Prior to the return date of the rule to show cause, the defendants, Biehl and Anzer, moved the court to amend the rule to show cause by extending the return date thereof.   The motion to extend the return date of the rule to show cause

was granted and on December 13th the Supreme Court ordered that defendants have leave to take depositions before a Supreme Court Commissioner. After other provisions not now pertinent, the order of December 13th, 1945, provided that the defendants "shall prepare and have perfected for argument all proceedings in this application, on the opening day of the January, 1946, term of the Supreme Court, Part II, to wit: the third Tuesday in January, 1946." Thereafter the respective attorneys for the state and the defendants Biehl and Anzer entered into the following stipulation filed December 28th, 1945:

"It Is Hereby Stipulated by and between the parties hereto, that George Biehl and Richard C. Anzer, et al., relators in the above Rule, may use the testimony already taken and to be taken in the proceedings under the Writs of *Certiorari* heretofore issued to remove the certain indictments into the Supreme Court in the cases of William P. Black, James McLaughlin, Robert A. O'Brien, J. Owen Grundy, Edward J. Mescall, and Harry Jenkins, Edward J. McFeeley, Bernard J. McFeeley; and may be considered by the Court in this proceeding."

Notice of motion returnable January 15th, 1946, was then made for a further continuance of the rule to show cause why a writ of *certiorari* should not issue. It will be noted from the above stipulation that the testimony to be taken in the proceeding under the writs of *certiorari* in the cases of *State* v. *McFeeley et al.*, are to be used by the present defendants on the return of the rule to show cause why a writ of *certiorari* should not issue to remove the indictments into the Supreme Court. In the taking of the depositions in *State* v. *McFeeley et al.*, certain questions arose which have this day been decided by the Supreme Court, and the decision with reference to that testimony now opens the way to the continuance of the taking of depositions. The application for a continuance of the return day of the rule to show cause why *certiorari* should not be allowed to remove the indictments of Messrs. Biehl and Anzer into the Supreme Court is granted until such time as the taking of the depositions in *State* v. *McFeeley et al.*, is completed.